UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-20828-CV-MARTINEZ
MAGISTRATE JUDGE REID

ANTRON JACKSON,

    Petitioner,

v.

MARK S. INCH,

    Respondent.
_____/

### REPORT OF MAGISTRATE JUDGE
### RE STATE HABEAS PETITION - 28 U.S.C. § 2554

## I. Introduction

The Petitioner, **Antron Jackson**, has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentences, entered following a violation of probation hearing in Miami-Dade County Circuit Court, Case No. F06-33991B. [ECF No. 1]. For the reasons discussed below, this petition should be DISMISSED, as time barred.

This cause has been referred to the undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-02; and the Rules Governing Habeas Corpus Petitions in the United States District Courts.

The Petitioner left the timeliness section of his petition blank. [ECF No. 1 at

14-15]. This Court issued a limited order to show cause to the state to address the timeliness issue. The state has filed a response, in which it argues that the petition is untimely and provided a supporting appendix. [ECF Nos. 9, 10, 11]. For the reasons explained below, the undersigned agrees with the state, and this federal habeas petition should be dismissed as time barred.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus...."). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . ." 28 U.S.C. § 2244(d)(2). Consequently, this petition is time-barred, pursuant to 28 U.S.C. § 2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2); *see also Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013). Further, if Petitioner created any time gaps in the review process, the one-year clock would continue to run. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

## II. Relevant Procedural History and Statutory Tolling

On January 9, 2007, the state charged Petitioner by information with second degree murder with a deadly weapon in violation of Fla. Stat. §§ 782.04(2) and 775.087. [ECF No. 10, App. D].

On August 13, 2008, Petitioner accepted a plea agreement for three years' minimum-mandatory incarceration followed by two years of community control and ten years of probation. [ECF No. 11-1 at 5-7]. The trial court accepted Petitioner's

plea agreement and entered a judgment and sentence. [*Id.* at 8-12; ECF No. 10, App. E, F].

The Florida Department of Corrections ("FDOC") filed a September 2, 2011 Affidavit and a June 20, 2012 Amended Affidavit for Violation of Community Control. [ECF No. 10, App. G, H].

On May 21, 2013, the trial court conducted a probation violation hearing during which it found that Petitioner violated his probation. [ECF No. 11-4 at 114-15]. During a June 4, 2013 sentencing hearing, the trial court sentenced Petitioner to thirty-five years in state prison for violating his probation. [ECF No. 11-5 at 22-23]. The court entered a June 4, 2013 Order Revoking Petitioner's Community Control and imposing a sentence of thirty-five years. [ECF No. 10, App. I].

On **June 11, 2014**, the Petitioner's judgment and sentence was *per curiam* affirmed by Florida's Third District Court of Appeal ("Third DCA") in a decision without written opinion. *See Jackson v. State*, 145 So. 3d 847 (Fla. 3d DCA 2014). Mandate issued July 7, 2014. [ECF No. 10, App. Q]. No petition for certiorari review was filed.

Petitioner was not permitted to seek discretionary review with the Florida Supreme Court because the affirmance on direct appeal did not cite to any decision for which the Florida Supreme Court had accepted review. *See Wells v. State*, 132 So. 3d at 1113 (Fla. 2014). Therefore, Petitioner's conviction became final, and the

- 4 -

federal limitations period under the AEDPA began running, on **September 9, 2014**, ninety days after the state appellate court issued its decision affirming the conviction and sentence, when the period for seeking discretionary review with the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Gonzalez v. Thaler*, 565 U.S. 134 (2012). Applying the finality trigger of § 2244(d)(1)(A), the federal statute of limitations commenced running on **September 9, 2014**.

Petitioner had one year from the time his convictions became final on **September 9, 2014**, or until **September 9, 2015**, to timely file his § 2254 petition. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

Petitioner applied for post-conviction relief in the state trial court. As a result, there are collateral proceedings which may have tolled the statute of limitations. *See* 28 U.S.C. § 2244(d)(2).

The federal habeas corpus limitations period ran unchecked for **237 days** from the date the conviction and sentence became final on **September 9, 2014**, until he filed a Rule 3.800(a) motion to correct illegal sentence in the state trial court on **May 4, 2015**, requesting credit for time served. [ECF No. 10, App. R]. On **September 25, 2015**, the trial court granted the Petitioner's Rule 3.800(a) motion and concluded that he "shall receive credit for time served from his original booking date." [ECF No. 10, App. S]. The court's order did not resentence Petitioner.

The federal habeas corpus limitations period next ran unchecked for **215 days**

from **September 25, 2015** until Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 in the state trial court on **April 27, 2016**. [ECF No. 10, App. T]. The trial court denied the motion. [ECF No. 10, App. V].

On June 14, 2017, the Third DCA *per curiam* affirmed the post-conviction court's denial of the Petitioner's motion in *Jackson v. State*, 227 So. 3d 587 (3d DCA 2017). On July 5, 2017, the Petitioner moved for rehearing *en banc*. [ECF No. 10, App. Z]. On July 6, 2017, the Third DCA denied Petitioner's motion. [ECF No. 10, App. AA]. Mandate issued **July 24, 2017**. [ECF No. 10, App. BB].

The federal habeas corpus limitations period next ran unchecked for **147 days** from **July 24, 2017** until he filed a petition for writ of habeas corpus in the state trial court on **December 18, 2017**. [ECF No. 10, App. CC]. On **February 28, 2018**, the trial court summarily denied the petition. [ECF No. 10, App. DD]. Petitioner did not appeal.

Relying on Petitioner's signature, he filed his § 2254 petition in this court on **December 18, 2017**. [ECF No. 1 at 15]. The first page of the petition includes a stamp which notes the petition was "provided for mailing at Calhoun CI on Jan. 4, 2018."[1] Another stamp on the first page asserts the petition was "provided by Liberty CI for mailing [on] Feb. 20, 2020." [*Id.*]. However, this Court did not receive the

---

[1]Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); Fed. R. App. 4(c)(1).

petition until February 25, 2020. [*Id.*].

Relying on the December 18, 2017 signature date, there were over **599 days** (237 + 215 + 147) of un-tolled time during which no properly filed state post-conviction proceedings were pending, which would have served to toll the federal one-year limitations period. Because more than one year elapsed from the time the Petitioner's conviction became final and the filing of this federal habeas corpus petition, this petition should be dismissed as time barred under § 2244(d)(1)(A).

Further, § 2244(d)(1)(B) and (C) is not applicable here. The Petitioner has not alleged, nor does the record support a finding, that there was a state impediment that should restart the limitations period under § 2244(d)(1)(B). The Petitioner also does not claim, and this record does not reveal, that he is entitled to relief based on a Supreme Court decision, made retroactively applicable to cases on collateral review under § 2244(d)(1)(C). Therefore, statutory tolling is not warranted under either §§ 2244(d)(1)(B) or (C).

Petitioner appears to argue that his petition is timely under § 2244(d)(1)(D). [ECF No. 1 at 5]. He claims there is newly discovered evidence that his counsel was ineffective in failing to convey a favorable plea deal of 23.83 years. [*Id.*]. Petitioner's claim is refuted by the record. On May 17, 2013, the state trial court held a hearing to see if the parties planned on proceeding to a probation violation hearing. [ECF No. 11-3]. The court conducted the following colloquy with Petitioner.

> **The Court**: All right, Mr. Jackson, the State has made an offer to you to resolve the case. Counsel, if you can go through again what the minimum and maximum are.
>
> **Prosecutor**: Sure, Judge. On the … probation violation case, on both cases he scores 23.83 months or, excuse me, years state prison at the bottom, that's 286.05 months of state prison up to life on the homicide case. On the new case he qualifies as a habitual violent offender, so his maximum on that case is up to 30 years, and he has a ten-year minimum mandatory on the new case.
>
> **The Court**: Okay. All right, so you got that. Your offer is 23 –
>
> **Prosecutor**: **23.83 years** in state prison followed by 10 years of reporting probation.
>
> **The Court**: Have you discussed this with your attorney?
>
> **Petitioner**: Yes, ma'am.
>
> **The Court**: All right. Do you have any questions of your attorney that you didn't have time to ask him?
>
> **Petitioner**: No, ma'am.
>
> **The Court**: Have you made a decision as to whether or not you wish to proceed to the probation violation hearing?
>
> **Petitioner**: Yes, ma'am.
>
> **The Court**: All right, what would you like to do?
>
> **Petitioner**: Proceed.
>
> **The Court**: All right, then we'll have a hearing. You will be on standby.

[*Id.* at 8-9] (emphasis added). The above exchange establishes that Petitioner knew,

as early as May 17, 2013, about the state's offer of 23.83 years in prison. As a result,

this fact does not constitute "newly discovered evidence."

Contrary to Petitioner's arguments, § 2244(d)(1)(D) is inapplicable because the state court record does not reveal that the statute of limitations should be tolled on the basis of "new evidence" that would sufficiently restart the limitations period on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). Therefore, statutory tolling on this basis is not warranted.

### III. Equitable Tolling

The timeliness issue is still not at an end. This federal petition is due to be dismissed unless equitable tolling of the statute of limitations is warranted. Petitioner does not allege, and the record does not support a finding, that he is entitled to the rare and exceptional circumstance of equitable tolling.

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has established a two-part test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an

inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted.").

Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). The Petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citing *Hutchinson v. Fla.*, 677 F.3d 1097, 1099 (11th Cir. 2012)).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole*, 768 F.3d at 1158 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). Further, a petitioner must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Fla.*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)); *Drew v. Dep't of Corr.*,

297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner has not established any fact to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling." *See Drew*, 297 F.3d at 1289. Because Petitioner failed to properly and diligently pursue his rights for **over a year**, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1258-60 (11th Cir. 2000) (holding that even properly filed state court petitions must be pending in order to toll the limitations period).

The time-bar is ultimately the result of Petitioner's failure to timely and properly pursue state post-conviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding is untimely, Petitioner's claim challenging the lawfulness of his convictions and judgment is now time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2).

### IV. Fundamental Miscarriage of Justice/Actual Innocence

No fundamental miscarriage of justice will result if the court does not review on the merits Petitioner's grounds for relief raised herein. The law is clear that a movant may obtain federal habeas corpus relief of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d 880, 882 (11th Cir. 2003). This exception

is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. It is now well settled that "actual innocence," may serve as a gateway through which a petitioner may pass to overcome the AEDPA's procedural bar impediment caused by an untimely filing. *See McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013); *San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011).

The Petitioner presents no new evidence, let alone any "new reliable evidence," to support a claim of "actual innocence." The Petitioner has also not presented evidence to undermine the court's confidence in the outcome of the Petitioner's criminal trial proceedings and jury verdict. *See Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 531-32 (11th Cir. 2009). On the record before this court, no fundamental miscarriage of justice will result by time-barring the claims raised in this habeas proceeding.

Since the Petitioner is not demonstrating actual, factual innocence, his untimely claim warrants no habeas corpus relief. *See e.g., Scott v. Duffy*, 372 F. App'x 61, 63-64 (11th Cir. 2010) (rejecting habeas petitioner's actual innocence claim where no showing made of factual innocence); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998).

Consequently, under the totality of the circumstances present here, this federal petition should be dismissed as time barred.

## V. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not required.

## VI. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, this court should deny a certificate of appealability. Notwithstanding, if petitioner does not agree, Petitioner may bring this argument to the attention of the district judge in objections.

### VII. Conclusion

Based upon the foregoing, it is recommended that:

1. the federal habeas petition be DISMISSED as time-barred;

2. a certificate of appealability be DENIED; and,

3. the case CLOSED.

Objections to this report may be filed with the district court within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district court judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed on this 16th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Antron Jackson**
B06094
Liberty Correctional Institution
Inmate Mail/Parcels
11064 NW Dempsey Barron Road
Bristol, FL 32321
PRO SE

**Brian Hernan Zack**
State of Florida - Office of the Attorney General
1 SE 3rd Avenue, Suite 900
Miami, FL 33131
3053775441
Email: brian.zack@myfloridalegal.com